IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KIRK D. MCCLEERY and JODY L. MCCLEERY,<br><br>             Plaintiffs,<br>v.<br><br>SOUTHERN UTAH TITLE; et al.,<br><br>             Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:11-cv-350 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the Court are three motions. First, movants BAC Home Loans Servicing (BAC) and Bank of America move to intervene in this action.[2] Second, BAC, Bank of America, and Mortgage Electronic Registration Systems (MERS) move to dismiss Plaintiffs' Complaint with prejudice on the merits.[3] And finally, Defendant Security National Mortgage Company joins in the Motion to Dismiss filed by BAC, Bank of America, and MERS.[4] As outlined below, the Court recommends that all the motions be GRANTED.

The Court finds it unnecessary to repeat the facts of this case in detail as they are sufficiently set forth in Plaintiffs' Complaint and in the Defendants' Memorandum in Support of their Motion to Dismiss. In short, Plaintiffs borrowed funds from Security National Mortgage Company to purchase property. Plaintiffs both signed the notes and deeds of trust necessary to

---

[1] Docket no. 12. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the Court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.

[2] Docket no. 8.

[3] Docket no. 10.

[4] Docket no. 14. Security National Mortgage joins in the other Defendants arguments and also asserts that because it has no current interest Plaintiffs cannot seek or realize any relief from Security National in this action.

complete the transaction. Shortly thereafter, the note was sold and BAC began servicing the loan in November 2009.

In December 2010, Plaintiffs filed this lawsuit in the Fifth Judicial District Court of Utah. Approximately four months ago the case was removed to Federal Court.[5] Plaintiffs raise one cause of action in their Complaint—quiet title—against Defendants Security National, Southern Utah Title, and MERS. Plaintiffs do not allege that they have paid the note in full or raise any other causes of action. Rather, Plaintiffs assert that the named Defendants do not retain any interest in the debt on the property and therefore this Court should quiet title "to the subject property in plaintiffs and against defendants freeing title to the subject property of the lien of the Deeds of Trust and leaving any debt unsecured by any interest in the subject property."[6]

## I.     Motion to Intervene

BAC and Bank of America move to intervene in this action arguing that Plaintiffs failed to serve either of them with a copy of the Complaint despite knowing that BAC was the servicer of the loan and that Bank of America as the investor has an interest in the property. BAC and Bank of America assert that because they claim an interest in the property at issue in this quiet title action they should be allowed to intervene. The Court agrees.

Rule 24(a) of the Federal Rules of Civil Procedure states in relevant part:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[7]

---

[5] Docket no. 2.

[6] Complaint p. 5.

[7] Fed. R. Civ. P. 24(a) (2011).

After considering the merits of the motion to intervene, the Court finds the requirements of Rule 24(a) are met. BAC's and Bank of America's motion is timely, they have an interest in the property, this action has the potential to impair that interest, and the other parties do not adequately represent their interest. The Court therefore RECOMMENDS that the Motion to Intervene be GRANTED.

## II. Defendants' Motion to Dismiss

Pursuant to Federal Rule 12(b)(6), BAC, Bank of America, MERS, and Security National Mortgage Company (Defendants) move the Court for an order dismissing all of Plaintiff's claims against Defendants with prejudice and on the merits.[8] Before addressing Defendants' motions, the Court notes that Defendants' motions to dismiss were filed on May 6, 2011 and June 30, 2011 respectively. As of the date of this decision there has been no opposition filed by Plaintiffs to any of the pending motions. Under the local rules, a memorandum opposing a motion filed pursuant to 12(b) must be filed within twenty-eight (28) days after service of the motion.[9] Failing to file a timely response is grounds for the Court to grant a motion.[10] Thus, based upon the Plaintiffs failure to oppose Defendants' Motions to Dismiss, the Court is justified in granting the motions. But, because Defendants seek to dismiss Plaintiffs' Complaint with prejudice and without leave to amend, the Court finds it proper to further consider Plaintiffs' Complaint and Defendants' Motion to Dismiss.

The McCleerys are proceeding pro se so the Court construes their pleadings liberally and holds their submissions to a less stringent standard than that for formal pleadings drafted by

---

[8] Docket nos. 10 and 14.

[9] DUCiv 7-1(b)(4) (2010) (all citations to the local rules are to the 2010 edition).

[10] *Id.* at 7-1(d).

lawyers.[11] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[12] But, it is not the court's responsibility to assume the role of advocate for Plaintiffs.[13] The broad reading of the McCleery's Complaint does not relieve them of the burden of "alleging sufficient facts on which a recognized legal claim could be based."[14] Finally, often a pro se litigant is given an opportunity to remedy the defects in their pleadings,[15] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[16]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'"[17] When evaluating a motion to dismiss under Rule 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."[18] The Court, however, need not consider allegations which are conclusory or that "do not allege the

---

[11] *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[12] *Id.*

[13] *See id.*

[14] *Id.*

[15] *See e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).

[16] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

[17] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (1955)).

[18] *David v. City of Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

factual basis" for the claim.[19] And, courts are "not bound to accept as true a legal conclusion couched as a factual allegation."[20]

Plaintiffs raise one cause of action in their Complaint—quiet title—asserting that the named Defendants do not retain any interest in the debt on the property and therefore this Court should quiet title. Under Utah law, "'[t]o succeed in an action to quiet title to real estate, a plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title.'"[21] Plaintiffs, however, offer nothing to prove the strength of their title but instead attack alleged weaknesses in Defendants' title. "This failure alone defeats Plaintiff[s'] claim[s]."[22]

Further, there is nothing before the Court indicating that Plaintiffs have satisfied their loan obligations. Plaintiffs simply have no basis to quiet title without first discharging their debt.[23]

Finally, any challenges to MERS's ability to act on behalf of the lender or its successors and assigns and MERS's ability to act through certifying officers under a corporate resolution have been rejected by courts.[24] Likewise, assertions that the MERS system somehow "splits" the

---

[19] *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

[20] *Papasan*, 478 U.S. at 286

[21] *Collard v. Nagle Constr.*, 2002 UT App 306 ¶ 18, 57 P.3d 603 (quoting *Church v. Meadow Springs Ranch Corp.*, 659 P.2d 1045-49 (Utah 1983)).

[22] *Commonwealth Property Advocates v. CitiMortgage, Inc.*, 2011 WL 98491, at *4 (D.Utah 2011) (slip copy).

[23] *See Marty v. Mortgage Electronic Registration Systems*, 2010 WL 4117196, at *8 (D.Utah 2010) ("Plaintiff is still in default on the loan and it is this that clouds any title owned by Plaintiff. Therefore, the motion to dismiss the quiet title action is granted in favor of all Defendants."); *Distor v. U.S. Bank NA*, 2009 WL 3429700, at *6 (N.D.Cal. Oct. 22, 2009) (noting that the "plaintiff has no basis to quiet title without first discharging her debt").

[24] *See Burnett v. Mortgage Electronic Registration Systems, Inc.*, No. 1:09-cv-69, 2009 WL 3582294, at *4 (D. Utah Oct. 27, 2009) (holding that MERS is able to take any actions required of the lender, including the assignment of the lender's interest, substitution of the trustee, and initiation of foreclosure proceedings); *Bain v. Metro. Mortgage Group Inc.*, 2010 WL 891585, at *1, *6 (W.D. Wash. Mar. 11, 2010); *Southam v. Lehman Bros. Bank FSB et al.*,

note and trust deed have also been rejected by courts, including this Court on numerous occasions.[25]

In sum, Plaintiffs' Complaint fails to allege sufficient facts on which a recognized legal claim could be based.[26] As noted by Defendant Security National in its motion to join, Security National sold and transferred any interest it had in the note to Bank of America. So, Plaintiffs cannot obtain any relief from Security National in this quiet title action because Security National claims no interest in the subject property. Thus, the Court finds it is patently obvious that Plaintiffs cannot prevail on their quiet title action, so allowing them an opportunity to amend the complaint is unnecessary.[27]

RECOMMENDATION

Based upon the foregoing, the court RECOMMENDS that BAC's and Bank of America's Motion to Intervene be GRANTED. The court FURTHER RECOMMENDS that Defendants' Motion to Dismiss be GRANTED. Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[28] Failure to object may constitute a waiver of objections upon subsequent review.

---

No. 2:10-cv-45, 2010 WL 3258320, at *3 (D.Utah Aug. 17, 2010); *Foster v. BAC Home Loan Servicing*, No. 2:10-cv-247, 2010 WL 3791976, at *3 (Sept. 22, 2010).

[25] *See Rodeback v. Utah Financial,* No. 1:09-cv-134, 2010 WL 2757243, at *4 (D.Utah July 13, 2010); ); *King v. American Mortgage Network*, No. 1:09-cv-162, 2010 WL 3222419, at *3 (D.Utah Sept. 2, 2010); *Marty v. Mortgage Electronic Registration Systems, Inc*., No. 1:10-cv-33, 2010 WL 4117196, at *8 (D.Utah Oct. 19, 2010).

[26] *See Twombly*, 550 U.S. at 555.

[27] *See McKinney*, 925 F.2d at 365.

[28] *See* Fed. R. Civ. P. 72(b)(2).

DATED this 3 August 2011.

_____
Brooke C. Wells
United States Magistrate Judge